■ TRYOLA TRADING, INC., Respondent, v. TOWN OF HARRISON, Appellant. — In an action in which the complaint pleads three separate causes: (1) to impress a lien upon real property for the down payment upon a contract for the sale of the property; (2) to recover such payment; and (3) to recover damages for defendant's breach of such contract, the defendant appeals: (1) from so much of an order of the Supreme Court, Westchester County, dated November 23, 1959, as severed the second cause of action to recover the down payment and granted the plaintiff's motion for summary judgment upon such cause on the ground that the defendant had failed to tender a marketable title to plaintiff on the day mutually fixed for performance; and (2) from the judgment of said court entered November 30, 1959, upon said order. Order insofar as appealed from and judgment affirmed, with one bill of $10 costs and disbursements. No opinion. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ VILLAGE OF HASTINGS-ON-HUDSON et al., Appellants, v. NEW ROCHELLE WATER COMPANY, Respondent.— In an action to enjoin defendant from shutting off its supply of free water to plaintiffs and to declare that defendant is required to supply plaintiffs with free water pursuant to a contract of March 8, 1887, which was continued for 10 years on February 26, 1894, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County, rendered December 18, 1957, dismissing the complaint, after a nonjury trial. The trial court found: (1) that the contract which expired on February 26, 1904 was not extended, renewed or continued; (2) that after the expiration of the contract, defendant's predecessor continued in business by virtue of a franchise granted by the State and not because of any rights granted to it by the village; (3) that the Public Service Commission, which was given exclusive jurisdiction in 1931 to fix reasonable rates of water works companies, did fix the rates which plaintiffs were required to pay for water. Judgment affirmed, with costs. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ DORA WINOKUR, Respondent, v. HERMAN SMITH et al., Appellants, et al., Defendants.— In an action to foreclose a tax lien on real property, the defendants Smith and Kaju appeal from a judgment of the Supreme Court, Queens County, entered July 17, 1959, in favor of plaintiff. The lien was transferred by the City of New York to plaintiff's remote predecessor in 1940. Said defendants purchased the property in 1956 subject to the tax lien. Real property taxes accruing subsequent to the transfer of the 1940 lien were paid by plaintiff's assignor, the immediately prior holder of the lien. Plaintiff's assignor also assigned to plaintiff the right to recover the amounts which had been paid by the assignor for the subsequently accruing taxes. Said defendants concede that the 1940 lien is valid and that the amount thereof is unpaid. But they contend that they are not liable for the amounts paid in taxes by plaintiff's assignor, inasmuch as the public record showed such taxes as having been satisfied and they (defendants) had no knowledge or notice that the satisfaction had been made by plaintiff's assignor. The trial court held that the amounts of the subsequently accruing taxes are properly added to, and become part of, the lien indebtedness. Judgment affirmed, with costs. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.